IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2192-H

| | |
|---|---|
| GEORGE EARL GOODE, Jr. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| GERALD BRANKER, ) | |
| Warden, Central Prison, ) | |
| Raleigh, N.C., ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b)(2), (3), and (6) [DE #60]. Respondent has filed a response, petitioner replied, and the matter is ripe for ruling.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court seeking relief from his two convictions for first-degree murder and his sentences of death. In an order entered on October 21, 2009, the court found petitioner received ineffective assistance of counsel in violation of his Sixth Amendment rights at the penalty phase of trial and was sentenced to death in violation of his constitutional rights. Therefore, the court issued a writ of habeas corpus vacating his death sentences.[1] On October 20, 2010, petitioner filed his motion

---

[1] The court directed that the State of North Carolina should sentence petitioner to life imprisonment on each count of first-degree murder unless, within 180 days, it initiated new sentencing proceedings against Goode. The State did not initiated new sentencing proceedings within the 180 day period and petitioner has be re-sentenced to two consecutive terms of life imprisonment.

for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(20, (3), and (6). In the motion, he asks the court to grant him a new trial because of widespread mishandling of evidence by the SBI lab in numerous cases. In the response, respondent contends that the arguments presented in the motion for relief from judgment present new and significantly different issues than the issues presented in the habeas petition or in state court. Therefore, respondent contends the arguments raised in the motion for relief from judgment have not been properly exhausted and the motion should be dismissed on that basis. In his reply, petitioner asserts that respondent is reading the exhaustion requirement too narrowly. He argues the new evidence does not fundamentally alter the claim already presented to this court and the court may considers his arguments.

The doctrine of exhaustion requires that before a claim may be presented in federal court on habeas review it must have been presented to the state courts, giving those courts the first opportunity to consider the claim. <u>Piccard v. Connor</u>, 404 U.S. 270, 275 (1971). The exhaustion requirement is satisfied when a petitioner gives the state court a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claim. <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Piccard</u>, 404 U.S. at 275. Therefore, "[t]he claim presented to the state courts must be more than 'somewhat similar' to the claim presented to the federal court." <u>Anderson</u>, 459 U.S. at 6. The

2

exhaustion requirement is not met when a petitioner asserts new legal theories or factual claims for the first time on habeas review. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

In his habeas petition and in his motion for appropriate relief filed in state court, petitioner argued that Agent Deaver, a serologist at the State Bureau of Investigations ("SBI") crime lab misrepresented the blood evidence in petitioner's case and mislead the jury about the results of testing. The arguments in petitioner's motion for relief from judgment do not focus on specific errors or problems with evidence in his case. Rather, petitioner argues that because of widespread and systemic mishandling of evidence by the SBI lab in other cases he is entitled to a new trial. Petitioner states that he "is seeking a new trial as additional relief from this Court in light of recent revelations that the N.C. State Bureau of Investigations has engaged in a widespread and longstanding practice of misstating the results of forensic tests, concealing evidence favorable to the defense, and withholding material and potentially exculpatory evidence from numerous criminal defendants." Motion at 3. In support he relies on evidence documented in a review of the SBI laboratory prepared by Chris Swecker and Michael Wolf, which was released by the Office of the Attorney General on August 18, 2010.

Petitioner's arguments in his motion for relief from judgment present new facts and grounds for relief that are fundamentally different than the claims previously presented in state court or

3

the habeas petition. Consequently, the arguments are not exhausted and not properly before the court under the current procedural posture.

Accordingly, petitioner's motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b)(2), (3), and (6) [DE #60] is DISMISSED.

This the 10TH day of January 2011.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC